IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHAD MYERS, on behalf of himself and others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) CASE NO. ) |
| | ) JUDGE |
| v. | ) |
| | ) **CLASS AND COLLECTIVE ACTION** |
| S AND H PARTNERS, LLC | ) **COMPLAINT** ) |
| and | ) **JURY DEMAND INCLUDED HEREON** ) |
| LRH ENT INC. | ) |
| | ) |
| and | ) |
| | ) |
| ZXB LOGISTICS INC. | ) |
| | ) |
| and | ) |
| | ) |
| HAS ENT INC. | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Chad Myers ("Representative Plaintiff") for his Complaint against Defendants S and H Partners, LLC, LRH Ent Inc., ZXB Logistics Inc., and HAS Ent Inc. (collectively "Defendants") alleges as follows:

## INTRODUCTION

1. This case challenges Defendants policies and practices that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the

FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

3. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually related claims under Ohio wage-and-hour statutes (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Representative Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial District and Division pursuant to 28 U.S.C. §1391(b). A substantial part of the events or omissions giving rise to Representative Plaintiff's collective claims occurred here.

## PARTIES

7. Representative Plaintiff is a resident of Ohio who was employed by Defendants as a driver within the last three years.

8. Within the last three (3) years, Plaintiff and those similarly situated were jointly employed by Defendants within the meaning of the FLSA and the Ohio Wage Laws.

9. Defendants S and H Partners, LLC is a for-profit Ohio limited liability company with its principal place of business located in Richland County, Ohio.

10. Defendants LRH Ent Inc., ZXB Logistics Inc., and HAS Ent Inc. are each for-profit Ohio corporations with their principal place of business located in Richland County, Ohio.

11. Representative Plaintiff was employed by Defendants in Ontario, Ohio during all times relevant to this Complaint.

12. At all relevant times, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

13. At all relevant times, every Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

14. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. At all relevant times, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

16. Representative Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## JOINT EMPLOYER ALLEGATIONS

17. At all relevant times, Defendants were, individually and jointly, employers within the meaning of 29 U.S.C. § 203(d) and Ohio Wage Laws.

18. Defendants S and H Partners, LLC, LRH Ent Inc., ZXB Logistics Inc., and HAS Ent Inc. form a "single employer" as they are part of a single integrated enterprise and/or they

are joint employers as they maintain interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

19. At all relevant times, Defendants have mutually benefitted from the work performed by Representative Plaintiff and those similarly situated.

20. At all relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Representative Plaintiff and those similarly situated.

21. At all relevant times, Defendants shared the services of Representative Plaintiff and those similarly situated.

22. At all relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Representative Plaintiff and those similarly situated.

## FACTUAL ALLEGATIONS

23. At all relevant times, Representative Plaintiff and other similarly situated employees were routinely required to work more than 40 hours per workweek.

24. Representative Plaintiff and other similarly situated employees were paid a salary for each day worked. However, the amount of the salary varied based on the number of hours Representative Plaintiff and other similarly situated employees worked.

25. For example, on several occasions Defendants sent Representative Plaintiff home when there was not enough work to perform. On those days, Defendants arbitrarily reduced the amount of pay Representative Plaintiff earned.

26. In weeks where Representative Plaintiff and other similarly situated employees worked in excess of 40 hours per work week, Defendants did not pay them one and one-half times their regular rate of pay for each hour worked in excess of 40.

27. Defendants' failure to pay Representative Plaintiff and other similarly situated employees one and one-half times their regular rate of pay for each hour worked in excess of 40 per work week violated the FLSA and Ohio law.

28. Defendants knowingly and willfully failed to pay Representative Plaintiff and other similarly situated employees one and one-half times their regular rate of pay for each hour worked in excess of 40 per work week.

## COLLECTIVE ACTION ALLEGATIONS

29. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective").  The FLSA Collective is defined as:

> **All current and former drivers employed by S and H Partners, LLC, LRH Ent Inc., ZXB Logistics Inc., or HAS Ent Inc. in the three years preceding the date of filing of this Complaint to the present who worked 40 or more hours in any work week during this period of time.**

31. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were employees of Defendants who were subjected to and injured by Defendants' unlawful practice of failing to pay employees one and one-half times their regular rate of pay for each hour worked in excess of 40 per work week. All have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

32. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

33. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

34. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class").  The Ohio Class is defined as:

> **All current and former drivers employed by S and H Partners, LLC, LRH Ent Inc., ZXB Logistics Inc., or HAS Ent Inc. in the three years preceding the date of filing of this Complaint to the present who worked 40 or more hours in any work week during this period of time.**

36. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

37. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Did Defendants have a policy of failing to pay employees one and one-half times their regular rate of pay for each hour worked in excess of 40 per work week?
>
> Did Defendants fail to pay Representative Plaintiff and other Ohio Class members all the overtime pay they were owed?

38. Representative Plaintiff's claims are typical of the claims of other members of the Ohio Class. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

39. Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class. Representative Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Representative Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

40. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(FLSA Overtime Violations)**

42. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b).

44. Representative Plaintiff and the FLSA Collective members should have been

paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

45. Defendants failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective Members.

46. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Members overtime compensation.

47. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

48. As a result of Defendants' violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court … shall, in addition to any judgment awarded to the Plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action." *Id*.

## COUNT TWO
### (Ohio Overtime Violations)

49. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Representative Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03 on behalf of himself and the Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

51. Representative Plaintiff and the Ohio Class members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

52. Defendants failed to pay the required overtime compensation to Representative Plaintiff and the Ohio Class Members.

53. Ohio Rev. Code § 4111.10(A) provides that Defendants, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate…and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

**WHEREFORE,** Representative Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to the FLSA Collective informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Representative Plaintiff, the FLSA Collective and the Ohio Class;

D. Award compensatory damages to Representative Plaintiff, the FLSA Collective, and the Ohio Class in the amount of their unpaid wages as well as liquidated damages in an equal amount to Representative Plaintiff and the FLSA Collective; and,

E. Award Representative Plaintiff, the FLSA Collective, and the Ohio Class their costs and attorney's fees incurred in prosecuting this action.

Respectfully submitted,

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
1360 E. 9th Street, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: jmoyle@ohlaborlaw.com

Shannon M. Draher (0074304)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Jeffrey J. Moyle*

*Counsel for Representative Plaintiff*